UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT FUMARELLI, WILLIAM PARKER,
ARTHUR RIVERA, STEPHEN RONAN,
THOMAS SPAUN, and all other persons
similarly situated,

    Plaintiffs,

- against -

CITY OF YONKERS,

    Defendant.

No. 17 cv ____ (__)(__)

COMPLAINT

JURY TRIAL DEMANDED

Plaintiffs Robert Fumarelli, William Parker, Arthur Rivera, Stephen Ronan, Thomas Spaun, and all other persons similarly situated, by their attorneys, Eisenberg & Schnell LLP, as and for their complaint against defendant City of Yonkers ("Yonkers" or "City"), allege as follows:

NATURE OF THE ACTION

1. For approximately thirty-five years, the City of Yonkers paid its firefighters and fire officers (collectively, "firefighters") who became permanently disabled in the line of duty a disability payment pursuant to New York General Municipal Law ("GML") §207-a(2). This payment was equal to the difference between the firefighter's full "regular salary or wages" and the amount the firefighter receives as a New York State and Local Retirement System/New York State and Local Police and Fire Retirement System ("NYSLRS") allowance for accidental disability retirement or retirement for disability incurred in the performance of duty. Yonkers paid these GML §207-a(2) payments pursuant to the statutory framework described below to ensure the disabled firefighters receive the full "regular salary or wages" that was earned prior to

becoming disabled.

2. Since at least 1982, Yonkers computed and reported the full "regular salary or wages" to NYSLRS and the firefighter to calculate the GML §207-a(2) payment, by including check-in pay, night differential pay, and holiday pay ("full pay components") – which *all* firefighters receive as part of their regular compensation – as part of every firefighter's "regular salary or wages." Yonkers accordingly included these full pay components as part of the GML §207-a(2) payment it provided.

3. In late 2015, Yonkers unilaterally and suddenly changed its position and practice. It decided the full pay components were improperly paid to plaintiffs and those similarly situated to them. It omitted these full pay components from the calculation of the GML §207-a(2) payments, and stated its intention to recoup the alleged overpayments from plaintiffs and those similarly situated for prior years.

4. In so doing, Yonkers began, and continues, to treat plaintiffs and those similarly situated differently from non-disabled firefighters, based on their disability and having a record of a disability.

5. Plaintiffs bring this action to remedy discrimination on the basis of disability, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et seq.* ("ADA"); the Rehabilitation Act of 1973, as amended, 29 U.S.C. §701 *et seq.* ("Rehabilitation Act"); and the New York State Human Rights Law, Executive Law Article 15, §290 *et seq.* ("NYHRL"). Plaintiffs also allege breach of contract for deprivation of their vested right to receive GML §207-a(2) payments including the full pay components.

6. Plaintiffs seek declaratory and injunctive relief, back and front pay, attorney's fees and costs, and any other appropriate legal and equitable remedies under the applicable laws.

## JURISDICTION, VENUE AND
## ADMINISTRATIVE EXHAUSTION

7. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§1331, 1343(a)(4), 29 U.S.C. §794a(a)(1), and 42 U.S.C. §§2000e, 12117. The Court has supplemental jurisdiction of plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

8. Because the events giving rise to this action took place in the Southern District of New York, venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1)-(2).

9. Plaintiffs timely filed charges of discrimination against defendant for themselves and the putative class with the Equal Employment Opportunity Commission, alleging violations of the ADA. EEOC issued each respective plaintiff a Notice of Right to Sue defendant dated June 30, 2017, and this complaint is timely filed thereafter.

## PARTIES

10. Plaintiff Robert Fumarelli ("Fumarelli") is a citizen of New York, residing at 45 Travis Road, Baldwin Place, New York.

11. Fumarelli has been employed as a Yonkers firefighter since August 1993. He suffered an injury on duty that resulted in his being certified as disabled by NYSLRS and granted NYSLRS performance of duty disability retirement allowance in September 2008. Fumarelli did not voluntarily retire but is classified as a retiree because his injury prevents him from actively working.

12. Plaintiff Wiliam Parker ("Parker") is a citizen of Connecticut, residing at 30 Saddle Ridge Road, New Milford, Connecticut.

13. Parker has been employed as a Yonkers firefighter since April 1990. He suffered

an injury on duty that resulted in his being certified as disabled by NYSLRS and granted NYSLRS performance of duty and accidental disability retirement allowance in May 2013. Parker did not voluntarily retire but is classified as a retiree because his injury prevents him from actively working.

14.  Plaintiff Arthur Rivera ("Rivera") is a citizen of New York, residing at 3 Wild Birch Farms, Cortlandt Manor, New York.

15.  Rivera has been employed as a Yonkers firefighter since August 1993. He suffered an injury on duty that resulted in his being certified as disabled by NYSLRS and granted NYSLRS performance of duty disability retirement allowance in July 2009. Rivera did not voluntarily retire but is classified as a retiree because his injury prevents him from actively working.

16.  Plaintiff Stephen Ronan ("Ronan") is a citizen of Connecticut, residing at 1178 West Purchase Road, Southbury, Connecticut.

17.  Ronan has been employed as a Yonkers firefighter since October 2000. He suffered an injury on duty that led to him being certified as disabled by NYSLRS and granted NYSLRS accidental disability retirement allowance in March 2011. Ronan did not voluntarily retire but is classified as a retiree because his injury prevents him from actively working.

18.  Plaintiff Thomas Spaun ("Spaun") is a citizen of New York, residing at 295 St. Johns Avenue, Yonkers, New York.

19.  Spaun has been employed as a Yonkers firefighter since November 1982. He suffered an injury on duty that led to him being certified as disabled by NYSLRS and granted NYSLRS performance of duty disability retirement allowance in summer 2007. Spaun did not voluntarily retire but is classified as a retiree because his injury prevents him from actively

4

working.

20. Plaintiffs continue to be employed by defendant and continue to receive pay raises as provided to all active duty firefighters.

21. Plaintiffs are qualified individuals with a disability within the meaning of the ADA, 42 U.S.C. §12112(a), and the Rehabilitation Act, 29 U.S.C. §705(20), and therefore entitled to protection from discrimination based on disability.

22. Defendant City of Yonkers is a municipal corporation organized under the laws of the State of New York, which maintains its principal place of business at City Hall, 40 South Broadway, Yonkers, New York. Defendant is an employer covered by the ADA and NYHRL. Defendant receives federal financial assistance within the meaning of the Rehabilitation Act.

## CLASS ACTION ALLEGATIONS

23. Plaintiffs bring this action as a class action pursuant to Fed. R. Civ. P. 23, individually and on behalf of all other similarly situated Yonkers firefighters who have received and are receiving GML §207-a(2) payments that the City of Yonkers has reduced or will reduce and/or recoup as described below.

24. The putative class satisfies Fed. R. Civ. P. 23(a)(1) requirement of numerosity in that the putative class exceeds forty members and may increase if additional firefighters become permanently disabled and receive GML §207-a(2) payments.

25. In satisfaction of Fed. R. Civ. P. 23(a)(2), there are questions of law or fact common to the putative class in that all members of the putative class receive the GML §207-a(2) payment, and Yonkers has in the same manner reduced each putative class member's GML §207-a(2) payment to the same extent. The questions of law common to the putative class are whether Yonkers' pay reduction violates the ADA, the Rehabilitation Act, and the NYHRL, and

whether defendant's action is a breach of contract.

26. In satisfaction of Fed. R. Civ. P. 23(a)(3), the claims of the plaintiffs as representative parties are typical of the claims of the putative class in that Yonkers has failed to pay the full GML §207-a(2) payment of each plaintiff and putative class member in the same manner, to the same extent, by the same procedure and for the same asserted reasons. Each plaintiff and putative class member alleges the same violation of laws and seeks the same relief.

27. In satisfaction of Fed. R. Civ. P. 23(a)(4), plaintiffs, as representative parties will fairly and adequately protect the interests of the putative class in that each plaintiff and putative class member has the same interest and no antagonistic interest. Plaintiffs have engaged counsel with experience in prosecuting federal class claims of employment disputes.

28. The putative class is ascertainable in that it is administratively feasible for the Court to determine whether any particular individual is a member. Plaintiffs identified all presently known putative class members who joined in their EEOC charges.

29. In satisfaction of Fed. R. Civ. P. 23(b)(2), Yonkers has acted on grounds that apply generally to the putative class by depriving all putative class members of the same benefit for the same reason using the same proceedings so that final injunctive or declaratory relief is appropriate respecting the putative class as a whole.

## FACTUAL ALLEGATIONS

### Statutory Framework for Disabled Firefighters

30. Until its amendment in 1977, GML §207-a provided that any paid firefighter disabled in the course of duty was to be paid by the municipality or fire district by which he was employed the full amount of his regular salary or wages, including increases granted to firefighters who were not disabled, until his disability ceased. The statute further provided that

such payments continued so long as the fire fighter did not recover from his injury, even if he remained disabled for the rest of his life.

31. By amendment of former GML §207-a by §207-a(1) and (2) effective January 1, 1978, GML §207-a(1) provides that an injured firefighter who is injured in, or taken sick as a result of, the performance of his duties so as to necessitate medical treatment is to be paid by the employing municipality the full amount of "regular salary or wages" until his disability has ceased.

32. By GML §207-a(2), a municipality can diminish its payment of the full amount of "regular salary or wages" if the firefighter was granted a state disability retirement allowance and the municipality paid the difference between that and the "regular salary or wages" until attainment of mandatory retirement age or service requirement.

33. The term "regular salary or wages" is the same in both GML §207-a(1) and GML §207-a(2). GML §207-a(2) itself refers to payment of "the full amount of regular salary or wages, as provided by subdivision one of this section," i.e., GML §207-a(1).

34. Thus, GML §207-a(2) provides that each firefighter who is permanently disabled as a result of a performance of duty injury or sickness and who is granted an accidental disability retirement allowance, or a retirement for disability incurred in performance of duty allowance, by NYSLRS, is entitled to receive from the municipality the *difference* between (a) the full amount of "regular salary or wages" and (b) the amount received under the NYSLRS disability allowance until mandatory retirement age or mandatory service time.

35. Under GML §207-a(2), if a firefighter does not apply for an accidental disability retirement allowance or for a retirement for disability incurred in performance of duty allowance, the municipality may apply for him and compel the disability retirement.

36. The New York Court of Appeals has determined that the purpose of GML §207-a(2) was to shift a major portion of the municipality's cost of paying firefighters their regular salary or wages while disabled to the NYSLRS state pension system if they become permanently disabled.

37. The new GML §207-a(2) was intended to have no effect on, or effectively maintain, the amount of income received by a disabled firefighter.

38. Firefighters receiving GML §207-a(2) payments are treated as having a continued status as employees because (a) they may not be separated from service until attaining the mandatory retirement age of 70 unless they have voluntarily elected additional benefits under the Retirement and Social Security Law §384 that permits separation at age 62 and (b) they are paid the GML §207-a(2) payment up to the time of reaching mandatory service retirement age or service requirement.

39. As part of the GML §207-a(2) payment, plaintiffs and those similarly situated continue to receive salary increases the same as provided to employees working on active duty.

40. GML §207-a(2) further provides that its payments "shall be deemed to have been made for a valid and lawful public purpose."

41. New York Retirement and Social Security Law ("RSS") §302(9)(d) permits an employer to provide the "Final Average Salary" for the computation of the NYSLRS retirement benefit as the last year of "regular compensation earned." This section *does not exclude* the full pay components from the "regular compensation earned." Pursuant to RSS §443(f), the employer may apply the one-year Final Average Salary for its firefighters as their regular compensation.

Yonkers Included the Full Pay Components in
<u>Regular Salary or Wages for Almost Thirty-Five Years</u>

42. Every Yonkers firefighter receives, as part of "regular salary or wages," the full pay components of check-in pay, night differential and holiday pay *whether or not* they check-in, work nights or holidays. Yonkers regularly included and paid in calculation of "regular salary or wages" the full pay components to firefighters (a) on active duty, (b) receiving GML §207-a(1) benefits because of temporary disability or on sick leave, (c) receiving a pension without disability benefits, and (d) receiving GML §207-a(2) payments with a NYSLRS retirement disability allowance, without issue until it usurped the full pay components from only those firefighters receiving GML §207-a(2) payments.

43. Since at least 1982, Yonkers reported to NYSLRS for plaintiffs and the putative class the firefighters' salary that NYSLRS uses to calculate a retiree's benefit as including the full pay components.

44. Since at least 1982, Yonkers has paid the full pay components to (a) all active firefighters who are not disabled and (b) all active firefighters who have been approved for benefits under GML§ 207-a(1) and assigned light-duty positions.

45. Since at least 1982 until as described below, Yonkers included the full pay components in the GML §207-a(2) payment paid to all firefighters who received NYSLRS accidental or performance of duty disability retirement benefits, including to plaintiffs and the putative class.

46. Yonkers provided tax documentation and payroll and salary statements to plaintiffs, including the full pay components in the compensation actually paid and reported.

47. Yonkers' practice of calculating the full pay components as part of the "regular salary or wages" and paying them in the GML §207-a(2) payment to plaintiffs and the putative

9

class as described herein created a vested and/or contractual right for plaintiffs and the putative class to continue to receive these full pay components as part of the GML §207-a(2) payment.

Plaintiffs' Final Average Salary Includes the Full Pay Components

48. The applicable collective bargaining agreement with Local 628, International Association of Firefighters, AFL-CIO ("Union"), covering Yonkers firefighters provides, pursuant to Retirement and Social Security Law §§302(9) and 443(f), a "Final Average Salary" that is to be the "regular salary or wages" for purposes of calculating NYSLRS benefits.

49. In implementing RSS §§302(9) and 443(f), Yonkers has included and reported to NYSLRS the full pay components as part of firefighters Final Average Salary. Yonkers has done so for both firefighters receiving GML §207-a(2) payments and for retired firefighters who are not permanently disabled.

50. Yonkers' inclusion of the full pay components as part of Final Average Salary and regular salary or wages does not increase the GML §207-a(2) payment to an amount greater than the GML §207-a(2) statute permits.

Yonkers Reduced GML §207-a(2) payments by Eliminating
Full Pay Components for Only Disabled Plaintiffs and the Putative class

51. On December 9, 2015, Yonkers notified plaintiffs and the putative class that it had "overpaid" them GML §207-a(2) payments by including the full pay components in the calculation of their regular salary or wages for the GML §207-a(2) payments. The notice stated that Yonkers intended to adjust the GML §207-a payments to exclude those amounts and to recoup any alleged overpayments.

52. Prior to making the adjustment or recoupment, Yonkers afforded plaintiffs and the putative class "due process" hearings to object that the adjustment and recoupment should not be

made.

53. Forty-four members of the putative class requested due process hearings; forty-three participated in the "due process" hearings in February and March 2016.

54. Following the hearings, the hearing officers made Reports of Findings and Recommendation to Carlos Moran, Yonkers Commissioner of Human Resources. The hearing officers recommended that the objections be denied, that Yonkers proceed to adjust the GML §207-a(2) payments by omitting the full pay components therefrom, and that Yonkers recoup the overpayments.

55. By letters dated April 5, 2016 from Commissioner of Human Resources Moran, Yonkers adopted the recommendations as a final determination and notified plaintiffs and the putative class members that it would reduce their GML §207-a(2) payments and recoup overpayments, although it temporarily held the recoupment in abeyance.

56. Thereafter, Yonkers reduced the GML §207-a(2) payments for plaintiffs and the putative class by excluding the full pay components from their regular salary or wages and GML §207-a(2) payments.

57. Yonkers excluded the full pay components from the regular salary or wages for only plaintiffs and the putative class of permanently disabled firefighters. It continues to pay temporarily disabled firefighters a GML §207-a(1) payment that includes each of these full pay components.

58. Both GML §207-a(1) and GML §207-a(2) use the same term "regular salary or wages," yet Yonkers reduced the payment, omitting the full pay components of only those firefighters who are permanently disabled, i.e., plaintiffs and the putative class.

59. Yonkers has not reduced the regular salary or wages for non-disabled retired

firefighters. For non-disabled retired firefighters, Yonkers reports to NYSLRS, and their pension is calculated on the basis of, their regular salary or wages inclusive of the full pay components.

60. Non-disabled retirees are credited with the full amount of their regular salary or wages while permanently disabled firefighters previously were and presently are not.

61. Yonkers has thus implemented the same term "regular salary or wages" two different ways: one for permanently disabled firefighters, and a different way for those firefighters who are not disabled and those who are not permanently disabled.

62. Yonkers reduced the regular salary or wages only for plaintiffs and the putative class only, and thereby the GML §207-a(2) payments, solely on the basis of their disabilities and their having a record of a disability.

63. Yonkers' reduction of the full pay components from regular salary or wages (and the GML §207-a(2) payment calculation) disparately impacts plaintiff and the putative class.

64. Yonkers has not reduced the computation of regular salary or wages for non-disabled retirees whose pension is calculated inclusive of the full pay components.

65. Yonkers' alleged rationale for eliminating full pay components from the GML §207-a(2) payment to plaintiffs and the putative class is pretextual in that (a) the applicable statute permits Yonkers to include the full pay components as part of regular salary and wages and GML §207-a(2) payments; (b) Yonkers calculated and paid the full pay components as part of regular salary and wages and GML §207-a(2) payments for approximately thirty-five years; and (c) Yonkers continues to include the full pay components as part of regular salary and wages for non-permanently disabled and non-disabled firefighters.

66. Yonkers' reason for eliminating full pay components from the GML §207-a(2) payment to plaintiffs and the putative class has no legitimate business justification since the

purpose of the GML §207-a(2) statute is not to reduce firefighters' regular salary or wages but to maintain full payment by the employing municipality and NYSLRS.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (ADA – Disability Discrimination)

67. Plaintiffs repeat and reallege paragraphs 1-66 as if such paragraphs were fully set forth herein.

68. By the acts and practices described above, defendant discriminated against plaintiffs and the putative class on the basis of disability and having a record of disability, in violation of the ADA, 42 U.S.C. §12112(a).

69. Defendant acted with malice and/or reckless indifference to the protected rights of plaintiffs and the putative class under the ADA.

70. Plaintiffs and the putative class have suffered, are now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory actions.

71. For defendant's violations of the ADA, plaintiffs and the putative class are entitled to declaratory and equitable relief, and to recover back and front pay and attorneys' fees and costs under 42 U.S.C. §§12117(a), 1981a(a)(2), 2000e-5(g), and 12205.

### SECOND CLAIM FOR RELIEF
### (Rehabilitation Act – Disability Discrimination)

72. Plaintiffs repeat and reallege paragraphs 1-71 as if such paragraphs were fully set forth herein.

73. By the acts and practices described above, defendant discriminated against plaintiffs and the putative class solely by reason of having a disability, in violation of the

Rehabilitation Act, 29 U.S.C. §794(a).

74. Defendant acted with malice and/or reckless indifference to the protected rights of plaintiffs and the putative class under the Rehabilitation Act.

75. Plaintiffs and the putative class have suffered, are now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory actions.

76. For defendant's violations of the Rehabilitation Act, plaintiffs and the putative class are entitled to declaratory and equitable relief, and to recover back and front pay and attorneys' fees and costs under 29 U.S.C. §§794a(a)(2), 794(b) and 42 U.S.C. §§2000d, 2000e-5.

## THIRD CLAIM FOR RELIEF
### (NYHRL – Disability Discrimination)

77. Plaintiffs repeat and reallege paragraphs 1-76 as if such paragraphs were fully set forth herein.

78. Yonkers has alleged that the plaintiffs and the putative class do not have a claim for reduction of the GML §207-a(2) payment under the collective bargaining agreement and rejected the Union's grievance and demand for arbitration therefor, asserting that this dispute related to a matter outside the scope of the collective bargaining agreement and did not allege any breach of the collective bargaining agreement.

79. By the acts and practices described above, defendant discriminated against plaintiffs and the putative class on the basis of disability and having a record of disability, in violation of the NYHRL, §296(1)(a).

80. Defendants acted with malice and/or reckless indifference to the protected rights of plaintiffs and the putative class under the NYHRL.

81. Plaintiffs and the putative class have suffered, are now suffering, and will

continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory actions.

82. For defendant's intentional violations of the NYHRL, plaintiffs and the putative class are entitled to declaratory and equitable relief, and to recover back and front pay under NYHRL §297(9).

## FOURTH CLAIM FOR RELIEF
### (Breach of Contract)

83. Plaintiffs repeat and reallege paragraphs 1-82 as if such paragraphs were fully set forth herein.

84. Yonkers deprived plaintiffs and the putative class of their contractual right to GML §207-a(2) payments including the full pay components that Yonkers created by paying them for approximately thirty-five years as described above. Its deduction of the full pay components from the GML §207-a(2) payments for plaintiffs and the putative class breached their vested right to such payments.

85. Plaintiffs and the putative class have suffered, are now suffering, and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory actions.

86. For defendant's breach of contract, plaintiffs and the putative class are entitled to declaratory relief and damages to recover the full pay components Yonkers has wrongfully usurped from their GML §207-a(2) payments.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request that this Court exercise jurisdiction and:

(a) certify this action as a class action with plaintiffs representing the class of all Yonkers firefighters for whom Yonkers has or will reduce their GML §207-a(2) payments by

15

eliminating or recouping the full pay components from their GML §207-a(2) payments;

(b)     award plaintiffs and the class appropriate declaratory and injunctive relief, including but not limited to restoring the full pay components withheld and to be paid in the future, prohibiting recoupment of alleged past overpayments and restraining defendant from engaging in further discriminatory conduct asserted herein;

(c)     award plaintiffs and the class damages for breach of contract;

(d)     award plaintiffs and the class pre-judgment and post-judgment interest;

(e)     award plaintiffs and the class reasonable attorney's fees and costs incurred in the prosecution of this action; and

(f)     grant such other legal and equitable relief as this Court deems appropriate and just.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, 29 U.S.C. §626(c)(2), plaintiffs demand a trial by jury in this action.

Dated: New York, New York  
       September 12, 2017

Respectfully submitted,

_____  
Herbert Eisenberg  (HE 8796)  
heisenberg@eisenbergschnell.com  
Julian R. Birnbaum (JB 6721)  
jbirnbaum@eisenbergschnell.com  
Eisenberg & Schnell LLP  
233 Broadway, Suite 2704  
New York, NY 10279  
Telephone:  (212) 966-8900  
Fax:  (212) 966-2505  
*Attorneys for Plaintiffs*