UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT FUMARELLI, WILLIAM PARKER, :
ARTHUR RIVERA, STEPHEN RONAN, :
THOMAS SPAUN, and all other persons :
similarly situated, : **OPINION AND ORDER**
                Plaintiffs, :
                 : 17 CV 6922 (VB)
v. :
                 :
CITY OF YONKERS, :
                Defendant. :
------------------------------------------------------------x

Briccetti, J.:

Plaintiffs Robert Fumarelli, William Parker, Arthur Rivera, Stephen Ronan, and Thomas Spaun bring this putative class action against the City of Yonkers (the "City") for breach of contract and violations of the Americans with Disabilities Act ("ADA"), Rehabilitation Act, and New York State Human Rights Law ("NYSHRL").

Now pending is the City's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6). (Doc. #8).

For the following reasons, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

In deciding the pending motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint, and draws all reasonable inferences in plaintiffs' favor, as summarized below.

Section 207-a(1) of the New York General Municipal Law ("GML") requires municipalities to pay a firefighter who is injured in the performance of his duties his "regular salary or wages" until his disability has ceased. However, when a firefighter is granted a New

1

York State and Local Retirement System/New York State and Local Police and Fire Retirement System ("NYSLRS") disability retirement allowance, the municipality need only pay the difference between the NYSLRS retirement allowance and the amount of the firefighter's "regular salary or wages" ("207-a(2) payments"). GML § 207-a(2).

Plaintiffs are permanently disabled retired City firefighters who suffered line-of-duty injuries. Plaintiffs were certified as disabled under the NYSLRS, and were granted NYSLRS retirement allowances. As such, the City need only pay them 207-a(2) payments.

Since at least 1982, the City included certain additional benefits known as check-in pay, night differential pay, and holiday pay (what plaintiffs describe as "full pay components") in the calculation of "regular salary and wages" when making 207-a(2) payments. But on December 9, 2015, the City notified plaintiffs and the putative class members that it had overpaid them by including the full pay components in its calculation of "regular salary and wages." The City stated it intended to adjust future 207-a(2) payments to exclude the full pay components and to recoup any past overpayments.

The City then held due process hearings at which plaintiffs and the putative class members objected to the adjustment and recoupment. The hearing officers recommended to the City Commissioner of Human Resources that plaintiffs' and the putative class members' objections be denied. The Commissioner adopted the recommendations and notified plaintiffs and the putative class members that it would reduce future 207-a(2) payments and recoup past overpayments to permanently disabled retired firefighters. However, the City continued to include the full pay components in the calculation of "regular salary or wages" for temporarily disabled firefighters and non-disabled retired firefighters.

On March 17, 2016, Yonkers Fire Fighters, Local 628, IAFF, AFL-CIO, submitted an arbitration demand with the American Arbitration Association, alleging the City's decision to reduce 207-a(2) payments violated their collective bargaining agreement with the City. The City moved in Supreme Court, Westchester County, for an order permanently staying arbitration. The state court initially denied the City's motion, but on October 17, 2016, it granted the stay after the City moved to reargue. An appeal of the state court's decision is currently pending before the Appellate Division, Second Department.

Separately, on June 30, 2016, plaintiffs sued the City in an Article 78 proceeding in Supreme Court, Westchester County. Plaintiffs' Article 78 petition included eight causes of action. One of the causes of action, titled, "The City's Singling Out Permanently Disabled Retirees," alleged: "The City's decision to single out permanently disabled retirees receiving benefits under GML 207-a(2) while continuing a higher benefit for injured Fire Fighters and Officers receiving benefits under GML 207-a(1) is arbitrary, illegal and constitutes an error of law." (Moran Aff. Ex. A ("Petition") ¶ 68; see also id. ¶ 59).

On March 10, 2017, the state court held that the City's decision to reduce plaintiffs' future 207-a(2) payments by deducting the full pay components was not arbitrary or capricious, but the decision to recoup past overpaid 207-a(2) payments was arbitrary and capricious, and lacked a rational basis. The court thus dismissed plaintiffs' petition except to the extent it found the City's decision to recoup overpaid 207-a(2) payments was arbitrary and capricious and an abuse of discretion, and enjoined the City from recouping those payments.

On April 4, 2017, plaintiffs appealed the March 10, 2017, state court decision. That appeal also is pending before the Appellate Division, Second Department. On August 1, 2017, the lower court denied plaintiffs' motions to reargue and renew.

3

Plaintiffs commenced this action on September 12, 2017. The City moved to dismiss on November 7, 2017 (Doc. #8), after which the Court sua sponte granted plaintiffs an opportunity to file an amended complaint (Doc. #11). Plaintiffs declined to do so. (Doc. #12).

**DISCUSSION**

I. Standard of Review

The City argues the Court should dismiss plaintiffs' claims pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, as they are barred under principles of preclusion. However, "preclusion . . . is not a jurisdictional matter," Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005), and therefore the City's argument is properly analyzed under Rule 12(b)(6), see TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 498 (2d Cir. 2014).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiffs' legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

4

alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). The Court may nevertheless consider a document not incorporated by reference if the complaint "'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." Id. (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)). However, "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document." Id. (quoting Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006)). "It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." Id. (quoting Faulkner v. Beer, 463 F.3d at 134). The Court may also take judicial notice of public records. See Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).

II.     Collateral Estoppel

The City argues the state court's adjudication of the Article 78 petition collaterally estops plaintiffs' discrimination claims. Plaintiffs argue collateral estoppel does not apply to their claims because they did not allege discrimination in the Article 78 proceeding, and therefore there is no identity of issues and they did not have a full and fair opportunity to litigate.

The Court agrees that collateral estoppel does not apply to plaintiffs' claims insofar as they rely on the City's decision to recoup past 207-a(2) payments. However, plaintiffs are

5

collaterally estopped from asserting claims based on the City's decision to reduce future 207-a(2) payments.

"Under 28 U.S.C. § 1738, we give state court judgments the preclusive effect the courts of that state would give them." McGuinn v. Smith, 523 F. App'x 764, 765 (2d Cir. 2013) (summary order). Under New York law, which applies here, collateral estoppel has two elements: "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." Jenkins v. City of N.Y., 478 F.3d 76, 85 (2d Cir. 2007) (quoting Juan C. v. Cortines, 89 N.Y.2d 659, 667 (1997)). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues . . . whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issues." Constantine v. Teachers Coll., 448 F. App'x 92, 93–94 (2d Cir. 2011) (summary order) (quoting Evans v. Ottimo, 469 F.3d 278, 281–82 (2d Cir. 2006)) (alterations in original). Collateral estoppel "'is based upon the general notion that it is not fair to permit a party to relitigate an issue that has already been decided against it.'" Juan C. v. Cortines, 89 N.Y.2d at 667.

"[W]here an Article 78 petition seeks annulment of a [decision] on the ground that it was discriminatory or retaliatory, a determination by the state courts that the decision was supported by substantial evidence 'necessarily implie[s] rejection of [the] claim that [the decision] was discriminatory and retaliatory' and thus forecloses a similar contention in a subsequent federal action." Richardson v. City of N.Y., 2004 WL 325631, at *1 (S.D.N.Y. Feb. 20, 2004) (quoting Latino Officers Ass'n v. City of N.Y., 253 F. Supp. 2d 771, 787 (S.D.N.Y. 2003)). Such claims

6

are foreclosed even when the state court did not expressly reject the discrimination claims. See Latino Officers Ass'n v. City of N.Y., 253 F. Supp. 2d at 787.

Here, although plaintiffs did not use the word "discrimination" in their Article 78 petition, they titled their third cause of action, "The City's Singling Out Permanently Disabled Retirees." (Petition ¶ 68). Plaintiffs alleged: "The City's decision to single out permanently disabled retirees receiving benefits under GML 207-a(2) while continuing a higher benefit for injured Fire Fighters and Officers receiving benefits under GML 207-a(1) is arbitrary, illegal and constitutes an error of law." (Id. ¶ 68; see also id. ¶ 59).

As plaintiffs specifically argued the City's decision was arbitrary and illegal because the City singled out permanently disabled retirees, the state court's holding that the City's decision to reduce plaintiffs' future 207-a(2) payments was not arbitrary or capricious necessarily implies rejection of the claim that that aspect of the decision was discriminatory. However, the state court's holding that the City's decision to recoup past 207-a(2) payments was arbitrary and capricious and lacked a rational basis was not decided against plaintiffs, and therefore does not imply a rejection of plaintiff's discrimination claim with regard to that aspect of the City's decision.

Plaintiffs argue collateral estoppel does not apply at all because plaintiffs may prove a mixed-motive disability discrimination claim.

The Court is not persuaded. Even if ADA mixed-motive discrimination claims are still viable after the Supreme Court's decision in Gross v. FBL Financial Services, Inc., 557 U.S. 167 (2009), see Forrester v. Prison Health Servs., Inc., 651 F. App'x 27, 28 (2d Cir. 2016) (summary order), the state court's decision necessarily rejected plaintiffs' argument that the City's decision to reduce plaintiffs' future 207-a(2) payments was discriminatory. See McGuinn v. Smith, 2012

7

WL 12887595, at *7 n.10 (S.D.N.Y. Sept. 12, 2012), rev'd on other grounds, 523 F. App'x 764 (2d Cir. 2013) (summary order).

Accordingly, plaintiffs may attempt to assert claims based on the City's decision to recoup past 207-a(2) payments, but are estopped from asserting claims based on the City's decision to reduce future 207-a(2) payments.

III. Discrimination Claims

The City argues plaintiffs fail to state discrimination claims under the ADA, the Rehabilitation Act, and the NYSHRL.

The Court agrees.

Because the scope of the disability discrimination provisions of NYSHRL are similar to those of the ADA and Rehabilitation Act, the Court analyzes the claims together. Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008).

Title I of the ADA provides: "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

"To state a claim for discrimination under the ADA, a plaintiff must allege facts which plausibly suggest, inter alia, that she 'suffered [an] adverse employment action because of [her] disability.'" Giambattista v. Am. Airlines, Inc., 584 F. App'x 23, 25 (2d Cir. 2014) (summary order) (quoting Giordano v. City of N.Y., 274 F.3d 740, 747 (2d Cir. 2001)) (alterations in original). An adverse employment action "entails a 'materially adverse change in the terms and conditions of employment.'" Quadir v. N.Y.S. Dep't of Labor, 39 F. Supp. 3d 528, 541

8

(S.D.N.Y. 2014) (quoting <u>Sanders v. N.Y.C. Human Res. Admin.</u>, 361 F.3d 749, 755 (2d Cir. 2004)) (emphasis in original).

Here, plaintiffs have failed to allege a materially adverse change in the terms and conditions of employment. The state court enjoined the City from recouping past 207-a(2) payments, thereby preventing the City from taking adverse action. Moreover, plaintiffs are estopped from asserting claims based on the City's decision to reduce plaintiffs' future 207-a(2) payments. Thus, plaintiffs fail to allege an adverse employment action.

Accordingly, plaintiffs fail to state discrimination claims under the ADA, the Rehabilitation Act, and the NYSHRL.

IV. <u>Supplemental Jurisdiction</u>

Plaintiffs also bring a state law claim for breach of contract, alleging the City deprived them of their contractual right to 207-a(2) payments with full pay components. Having dismissed all of plaintiffs' federal claims, there are no longer any claims remaining over which the Court has original jurisdiction. The Court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claim. <u>See</u> 28 U.S.C. § 1367(c)(3).

**CONCLUSION**

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #8) and close this case.

Dated: May 29, 2018
       White Plains, NY

                      SO ORDERED:

                      Vincent L. Briccetti
                      United States District Judge